**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| RANDOLPH SCOTT | * | |
| *Plaintiff* | * | |
| v. | * | Case No.: 1:09-cv-03110-WDQ |
| NUVELL FINANCIAL SERVICES, LLC, *et al.* | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE OR EXCLUDE NEW EVIDENCE AND NEW ARGUMENTS IN DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR FOR LEAVE TO FILE A LIMITED SURREPLY**

**I.      INTRODUCTION**

Defendants claim, in their response to Plaintiff's Motion to Strike or Exclude New Evidence and New Arguments in Defendants' Reply in Support of their Motion to Dismiss and/or for Leave to File a Limited Surreply ("Def. Mem."), that the Plaintiff is attempting to "elevate form over substance" by moving for this Court to strike new arguments in Defendants' Reply in Support of their Motion to Dismiss – but Plaintiff is simply trying to have a fair opportunity to respond to Defendants' arguments.

The Federal Rules of Civil Procedure permit Plaintiff to file a full response to Defendants' motion for summary judgment with the benefit of discovery – something the Defendants have attempted to foreclose Plaintiff from doing by making new arguments in their Reply. Although Defendants state that they have no objection to Plaintiff filing a limited surreply, Plaintiff should have an opportunity to conduct basic discovery and file

a full response to Defendants' new Motion for Summary Judgment, raised in their Reply.[1]

As discussed more fully below, the First Amended Complaint fully addressed, and mooted, Defendants' Motion to Dismiss, and Defendants' arguments for summary judgment and to dismiss raised in their Reply are new and should be stricken.

## II.   DISCUSSION

### A.   *The First Amended Complaint Mooted Defendants' Motion to Dismiss*

Plaintiff's filing of the First Amended Complaint ("FAC") rendered the Defendants' Motion to Dismiss as moot, because the purported deficiencies raised in the original motion to dismiss were addressed in the new pleading.

Defendants' Motion to Dismiss was based on their argument that "[w]here there is no evidence (or, as here, no facts alleged) suggesting that the auction was restricted to a certain segment of the public or was not advertised to the general public, the court must conclude that the sale was public." Def. Mem. in Supp. of Motion to Dismiss (Dkt. No. 13-1) at 9.  The alleged deficiencies were, however, addressed by the First Amended Complaint – which alleges that the sales at issue were restricted and not meaningfully advertised to the general public.  *See* FAC at ¶21.  The FAC included a number of other additional allegations, including that (1) the requirement of a $1,000 cash payment to attend the sale was not disclosed to Plaintiff and the Class, but instead Plaintiff and the Class were simply told they could attend the sales and bid on vehicles when, in fact, they

---

[1] Plaintiff's proposed, limited, surreply includes a Rule 56(f) affidavit, outlining reasons that discovery should be allowed prior to deciding any motion for summary judgment in this case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment is appropriate only after "adequate time for discovery"); *Nguyen v. CNA Corp.,* 44 F.3d 234, 242 (4th Cir.1995) (under Rule 56(f) a party may set out the need for discovery in an affidavit).

would be turned away unless they brought $1,000 in cash (FAC ¶¶19, 20, 23, 79); and, (2) the Tuesday Sales are not, in fact, attended by the public (FAC ¶22).

This is precisely what Fed. R. Civ. P. 15(a)(1), allowing amendments as a matter of course, is meant to encourage:

> the right to amend once as a matter of course … force[s] the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. *A responsive amendment may avoid the need to decide the motion* or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

Fed. R. Civ. P. 15, Advisory Committee Notes, 2009 Amendment [emphasis added].

Since the only alleged deficiency in the original Complaint (that Plaintiff did not allege that the auction was restricted to a certain segment of the public or was not advertised to the general public) was addressed in the FAC, the cases cited by Defendants for the proposition that their Motion to Dismiss is not moot are simply inapposite.  Unlike the situation here, none of the cases cited by Defendants indicated that the amended pleading set forth changes material to the motion to dismiss.  *See, e.g., Superior Bank, F.S.B. v. Tandem Nat'l Mortgage, Inc.*, 197 F. Supp. 2d 298, 308 n.11 (D. Md. 2000), *quoting* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1476 (1990) ("*[i]f some of the defects raised in the original motion remain in the new pleading*, the court simply may consider the motion as being addressed to the amended pleading.")[emphasis added]; *Hardwire LLC v. Goodyear Tire & Rubber Co.*, 360 F. Supp. 2d 728, 730 (D. Md. 2005) (stating that the *only* change in the amended complaint was to delete a paragraph "which asserted that there was no integration clause in an agreement between the parties," and noting that "[t]here were no other changes to the Complaint setting forth the Plaintiff's cause of action."); *Zeno v.*

*Maryland*, 2009 WL 3766065 at *1 (D. Md. Nov. 9, 2009) (treating motions to dismiss *pro se* plaintiffs' original complaint as challenging amended complaint, but not indicating that the amended pleading addressed arguments in motion to dismiss).

Defendants' Motion to Dismiss related to Plaintiff's original, state-court complaint. The filing of the First Amended Complaint included new, material allegations directly contrary to the arguments in the Motion to Dismiss, and the Motion to Dismiss should be denied as moot.

### B.     *Defendants' Reply Improperly Raises Arguments and New Materials Not Included in Their Motion to Dismiss.*

Since the FAC fully addressed the contentions of the Motion to Dismiss, and as discussed in Plaintiff's Memorandum in Support of his Motion to Strike or Exclude New Evidence and New Arguments in Defendants' Reply in Support of their Motion to Dismiss and/or for Leave to File a Limited Surreply ("Plaintiff's Memorandum"), Defendants' Reply improperly raised new arguments and includes new materials. These should be stricken.

It is undisputed that Defendants included in their Reply an argument for summary judgment which had never been raised before. For the reasons discussed in Plaintiff's Memorandum – which have not been seriously challenged by Defendants – this new motion for summary judgment should be stricken. *See* Plaintiff's Memorandum at 4-8, *citing Harmon v. BankUnited*, 2009 WL 3487808 at *2 n.6 (D. Md. Oct. 22, 2009); *Blanford v. St. Vincent Hospital and Health Care Center, Inc.*, 2009 WL 500527 at *1 n.1, 2009 U.S. Dist. LEXIS 15760, *2 n.1 (S.D. Ind., Feb. 27, 2009); *Lacey v. Malandro Communication, Inc.*, 2009 WL 4755399 (D. Ariz. Dec. 8, 2009); *Schreiber v. Eli Lilly*

*and Company*, 2006 WL 782441 at *3 n.8 (E.D. Pa. March 27, 2006); *Roberts v. Carton*, 2008 WL 5155649 (D. Or. Dec. 08, 2008).

Plaintiff's Memorandum discussed the well-settled rule that Reply briefs cannot contain new materials. *See, e.g.*, *Clawson v. FedEx Ground Package Sys.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("[t]he ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered."). Defendants nevertheless argue that an amended pleading may properly be addressed in a Reply brief. Def. Mem. at 5-6. However, the cases they cite do not stand for this proposition.

For example, Defendants cite *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 437-38 (D. Md. 2001) as support. However, the defendants there filed ***new motions to dismiss*** the amended complaint, and the plaintiff filed oppositions to those new motions.[2] That is simply not the situation here – Defendants have not filed any

---

[2] The Court described the procedural history in detail, specifically noting that new motions to dismiss the amended pleading, ***and oppositions thereto***, had been filed in due course:

> On March 30, 2001, defendants filed a motion to dismiss. On February May 25, 2001, plaintiffs filed their opposition to that motion and simultaneously filed their first amended complaint adding new counts and new parties, namely Oldcastle Architectural, Oldcastle Precast and Oldcastle Acquisition. On June 15, 2001, defendants filed their reply. Defendants' reply addressed the new counts included within plaintiffs' first amended complaint.
> Because defendants' reply referred in part to the first amended complaint, plaintiffs viewed the reply as a motion to dismiss the amended complaint and filed an opposition thereto on June 29, 2001. Subsequently, defendant Oldcastle Precast filed a motion to dismiss the first amended complaint on July 16, 2001. Plaintiffs filed their opposition to that motion on July 30, 2001. On August 2, 2001, Defendants Oldcastle Architectural filed a motion to dismiss the first amended complaint. On August 14, 2001, defendant Oldcastle Acquisition filed its motion to dismiss the first amended complaint. On August 17, 2001, defendant Oldcastle Precast filed its reply to its motion to dismiss. Plaintiffs filed their opposition to Oldcastle Architectural and Oldcastle Acquisition's motions to dismiss on August 24, 2001.

5

motion to dismiss the amended complaint. Defendants here filed only a Reply discussing the new allegations in the FAC, and which contained a new summary judgment motion.

Defendants also cite *Penril Datacomm Networks, Inc. v. Rockwell Int'l Corp.*, 934 F. Supp. 708, 709 (D. Md. 1996) as supposed support for their position, but that decision stands in stark contrast to what Defendants are arguing. In fact, in that case, Judge Motz found that "**[t]he filing of this Amended Complaint rendered the initial motions filed by the Defendants moot**." [emphasis added]. *Id*. The Court, accordingly, allowed the Plaintiff to file an opposition. *Id*. Here, even if Plaintiff's limited surreply is accepted, Plaintiff should have an opportunity to file a full response to Defendants' new motions for summary judgment and to dismiss.

> C. *Plaintiff's Proposed Sur-Reply Should Not be Plaintiff's Only Opportunity to Respond to Defendants' New Arguments – Such As Their Entirely New Motion for Summary Judgment*

As discussed in Plaintiff's Memorandum and above, Defendants improperly raised a new argument for summary judgment in their Reply brief. Defendants do not claim that this argument was raised previously – instead, Defendants argue that Plaintiff should be limited to his proposed surreply as the response to the summary judgment argument, and that Defendants should have another opportunity to respond to the surreply. Def. Mem. at 8-9. Defendants' confusing procedure finds no support in the Federal Rules or case law – and Plaintiff respectfully submits that the better procedure is to follow the typical briefing schedule which is supported by the Federal Rules and case law.

---

*Burns & Russell Co. of Baltimore*, 166 F. Supp. 2d at 437-38. Here, however, Defendants' sole response to the First Amended Complaint was via a Reply brief to which Plaintiff has no right to respond in due course. Although Plaintiff filed a proposed Surreply, it has not been accepted as yet, and even if accepted it is a "Limited" surreply – not Plaintiff's full response to a motion to dismiss, or motion for summary judgment.

Instead of citing authority that supports their novel proposal for briefing, Defendants cite *Blanford*, a case which supports Plaintiff and which by Defendants' own admission "not[es] … that a conversion [to a motion for summary judgment] would be unfair when the plaintiff had no opportunity to respond." Def. Mem. at 7-8, *citing Blanford.*, 2009 WL 500527 at *1 n.1, 2009 U.S. Dist. LEXIS 15760, *2 n.1 (S.D. Ind. Feb. 27, 2009). Defendants argue that the Plaintiff's proposed surreply provides sufficient opportunity to respond to the new summary judgment argument – but Plaintiff should have an opportunity to fully brief summary judgment, and should not have to rely upon a proposed, limited, surreply.

Indeed, this Court has recently directly rejected the protocol proposed by Defendants, as noted in Plaintiff's Memorandum. *See* Plaintiff's Memo at 4-5, *quoting Stevens v. Anne Arundel County Bd. of Educ.*, 2009 WL 3806374 at *2 n.8 (D. Md. Nov. 12, 2009) ("The Board suggests that Stevens be given an opportunity to respond [to a new argument in a reply] in a subsequent filing. Stevens should not bear the cost of an additional filing because the Board failed timely to raise this argument. Stevens's motion to strike will be granted.") The same should hold true here.

### III. CONCLUSION

For the reasons set forth above, and in Plaintiff's opening Motion and Memorandum, Plaintiff's Motion To Strike Or Exclude New Evidence and New Arguments In Defendants' Reply In Support Of Their Motion To Dismiss And/Or For Leave To File A Limited Surreply should be granted.

                                              Respectfully submitted,

Dated: March 29, 2010                 /s/ Benjamin H. Carney
                                            Martin E. Wolf (Bar No. 09425)

mwolf@quinnlaw.com
Benjamin H. Carney (Bar No. 27984)
bcarney@quinnlaw.com
102 West Pennsylvania Ave.
Towson, Md. 21204
Telephone: (410) 825-2300
Facsimile: (410) 825-0066

Mark H. Steinbach (Bar No. 26538)
Steinbach@otrons.com
O'TOOLE, ROTHWELL, NASSAU &
STEINBACH
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 775-1550

John J. Roddy (admitted *pro hac vice*)
roddy@roddykleinryan.com
Elizabeth A. Ryan (admitted *pro hac vice*)
ryan@roddykleinryan.com
RODDY, KLEIN & RYAN
727 Atlantic Ave., 2d Floor
Boston, MA 02111
(617) 357-5500
**Attorneys for Named Plaintiff and the Class**