```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

|   |   |   |
|---|---|---|
| RANDOPLH SCOTT, *individually and on behalf of all persons similarly situated*, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-09-3110 |
| NUVELLE FINANCIAL SERVICES, LLC, *et al*. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Defendants Nuvelle Financial Services, LLC and Nuvelle National Auto Finance, LLC (collectively, "Nuvelle") removed this putative class action from the Circuit Court for Baltimore County on the basis of diversity. Pending are Nuvelle's motion to dismiss and plaintiff Randolph Scott's motion to strike Nuvelle's reply or to file a surreply. For the following reasons, both motions will be denied. Nuvelle's reply in support of its motion to dismiss will be treated as a motion for summary judgment, and will be denied.

1

I.   Background

   A. Repossession and Sale

In November 2007, Scott--a citizen of Maryland--purchased a 2007 Mitsubishi Galant from Antwerpen Mitsubishi in Randallstown, Maryland. Amend. Compl. ¶ 12.[1] The purchase was financed through a retail installment contract, which was assigned to Nuvelle. *Id*. ¶ 15. On February 22, 2009--apparently after Scott had fallen behind on his payments--Nuvelle repossessed the car. *Id*. ¶ 16. On March 17, 2009, Nuvelle notified Scott that the car would be sold at a March 31, 2009 "public sale" at Manheim Baltimore-Washington ("Manheim") in Elkridge, Maryland. *Id*. ¶ 17; Ex. 2. The notice explained, *inter alia*, that (1) if the car were sold at Manheim, the money from the sale would reduce the amount Scott owed Nuvelle; (2) Scott would be responsible for the difference between the sale price and the amount he owed; and (3) Scott could redeem the car by paying Nuvelle the past-due amount plus interest, late fees, and other expenses. *Id*.

Manheim conducts sales every other Tuesday. *Id*. ¶ 17. Anyone may attend, *id*. ¶ 18, but persons who are not licensed car dealers must pay a $1,000 entry deposit in cash or certified

---

[1] For Nuvelle's motion to dismiss, the well-pled allegations in Scott's Amended Complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

funds. *Id.* ¶ 18. The deposit goes toward the purchase price of a car. *Id.* The deposit is returned by check at a later date if no car is bought; it is not immediately refunded. *Id.* The notice sent to Scott did not mention the deposit requirement. *Id.* ¶ 20.

On April 7, 2009, Nuvelle sent Scott a post-sale notice advising him that the car had been sold for $8,600 and he owed Nuvelle $16,540.72. *Id.* ¶ 26; Ex. 3. The notice provided no other details about the sale. *Id.*, Ex. 3.

B. Procedural History

On September 22, 2009, Scott filed this putative class action in the Circuit Court for Baltimore County. Paper No. 2. Although Scott pled claims under the Credit Grantor Closed End Credit Provisions ("CLEC"),[2] the Maryland Consumer Protection Act, and for breach of contract and unjust enrichment, each of his claims was predicated upon Nuvelle's alleged violation of the CLEC provision governing notice for sales of repossessed property. *See* Md. Code Ann., Comm. Law § 12-1021(j). Under § 12-1021(j), a creditor shall sell repossessed property at a "private sale" or a "public auction." *See id.*[3] If the property is sold at a private sale, "a full accounting shall be made to

---

[2] Md. Code Ann., Comm. Law § 12-1001 *et seq.*

[3] The terms "public auction" or "private sale" are not defined in the statute or Maryland case law.

3

the borrower in writing." *Id*. § 12-1021(j)(1).[4]  Scott alleged that the Manheim sale was a private sale and that Nuvelle's post-sale notice did not contain the required accounting.

On November 20, 2009, Nuvelle removed to this Court on the basis of diversity, and on December 3, 2009, moved to dismiss on the ground that the Manheim sale was a "public auction," to which § 12-1021(j)(2)'s notice requirements do not apply. *See Kline v. Central Motors Dodge, Inc.*, 328 Md. 448, 614 A.2d 1313, 1317-18 (Md. 1992).  In his Complaint, Scott had alleged that the Manheim sale's $1,000 deposit requirement for non-dealers rendered the sale private.  Compl. ¶ 18.  Nuvelle's motion to dismiss contended that § 12-1021(j) and its legislative history do not suggest that a restriction on attendance makes a sale "private."  Mot. to Dismiss 5-7.  Nuvelle also cited authority from other jurisdictions defining a public auction as a sale by bidding that is advertised and open to the public. *Id*. 8-10. Noting that Scott's Complaint had not alleged a failure to

---

[4] The accounting shall include, *inter alia*, (1) "the purchaser's name, address, and business address," (2) "the number of bids sought and received," and (3) "any statement as to the condition of the goods at the time of repossession which would cause their value to be increased or decreased above or below the market value for goods of like kind and quality." *Id*. § 12-1021(j)(2). Under § 12-1021(k)(4), "[i]f the requirements of [§ 12-1021] . . . are not followed, the credit grantor shall not be entitled to any deficiency judgment[.]"

4

advertise the sale, Nuvelle argued that the Complaint had failed to establish that the Manheim sale was private. *Id.* 9-10.

On December 22, 2009, Scott amended his complaint, adding allegations that the Manheim sale was not advertised to the public, and the public did not attend the sales. Amend. Compl. ¶¶ 21-23. After Nuvelle refused to withdraw the motion to dismiss the original complaint as moot, *see* Opp. 2 n.2, Scott filed an opposition in which he argued that his Amended Complaint addressed the authorities--on which Nuvelle had relied--that defined a public sale as "one to which the public is invited by advertisement to appear and bid at auction for the goods to be sold." Mot. to Dismiss 8 (*quoting In re Bishop*, 482 F.2d 381, 385 (4th Cir. 1973)). By alleging that the Manheim sale was not advertised to the public, Scott argued that he had sufficiently alleged that the sale was private.

On February 15, 2010, Nuvelle filed a reply.[5] It reiterated the arguments about § 12-1021(j) and its legislative history that were made in the motion to dismiss, but it also attempted to rebut the Amended Complaint by attaching advertisements from

---

[5] Nuvelle's reply is captioned as a "Reply in Further Support of Defendants' . . . Motion to Dismiss Plaintiff's Class Action Complaint, or in the Alternative, Motion for Summary Judgment." Its initial motion did not request relief in the alternative. It appears that Nuvelle wants its brief to be treated as a reply memorandum in support of the motion to dismiss *or* as an original motion for summary judgment.

the *Baltimore Sun*.  Reply 8; Exs. 2, 3.  Nuvelle argued that the advertisements showed that there was no genuine issue of material fact about the alleged lack of advertising and requested summary judgment on the Amended Complaint.  Reply 8; Exs. 2, 3.

On February 26, 2010, Scott moved to (1) strike the reply as moot; (2) strike the attached exhibits because they were not submitted with the original motion; or (3) file a surreply in response to the new exhibits and arguments.  Scott also argued that if the Court treated Nuvelle's reply as a motion for summary judgment, the motion should be denied under Fed. R. Civ. P. 56(f) because he had not had the opportunity to discover facts essential to his opposition.

II. Analysis

  A. Pending Motions

The procedural history of this case has been unnecessarily complicated.  The parties dispute whether the Amended Complaint mooted Nuvelle's motion to dismiss and whether Nuvelle's reply should be treated as a motion for summary judgment.

The Court may--but is not required to--deny as moot a motion to dismiss filed before an amended complaint.[6] "If some

---

[6] *See, e.g.*, *Ramontik v. Fisher*, 568 F. Supp. 2d 598, 599 n.1 (D. Md. 2008); *Giannaris v. Cheng*, 219 F. Supp. 2d 687, 689 n.1 (D. Md. 2002).

of the defects raised in the original motion remain in the new pleading, the court . . . may consider the motion [to dismiss] as being addressed to the amended pleading." 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990). Nuvelle argues that because Scott's Amended Complaint did not cure all the deficiencies noted in the motion to dismiss, the motion should apply to the Amended Complaint. Nuvelle also argues that its reply demonstrates these deficiencies and should be treated as further support for the motion to dismiss the Amended Complaint.

Further complicating matters, Nuvelle's reply raises new arguments and relies heavily on matters outside the pleadings.[7] Scott has presented the affidavit of his counsel, Benjamin H. Carney, Esquire, Mot. to Strike, Ex. 1, that discovery (1) has

---

[7] In these circumstances, it is appropriate to treat the original motion to dismiss as moot and consider the reply as a motion for summary judgment on the Amended Complaint. *Cf. Penril Datacomm Networks, Inc. v. Rockwell Int'l Corp.*, 934 F. Supp. 708, 709 (D. Md. 1996)(treating reply as a motion to dismiss the amended complaint).

Scott argues that the Court should deny the motion for summary judgment under Rule 56(f) because he has not had an opportunity for discovery. "As a general rule, summary judgment is appropriate only after adequate time for discovery." *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). Under Rule 56(f), "[i]f a party opposing [a] motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may: (1) deny the motion; (2) order a continuance . . . ; or (3) issue any other just order. Fed. R. Civ. P. 56(f).

not commenced and (2) is necessary, *inter alia*, to determine how the Manheim sales were advertised and the reasons for--and the effect on public attendance of--the imposition of the $1,000 deposit requirement. Benjamin H. Carney Aff. ¶ 9, Feb. 26, 2010. Scott should have the opportunity for discovery. The Court will deny Nuvelle's motion; it may file a properly-captioned motion for summary judgment after discovery.[8]

III. Conclusion

For the reasons stated above, Nuvelle's motion to dismiss will be denied as moot, and its motion for summary judgment will be denied under Rule 56(f). Scott's motion to strike or file a surreply will also be denied as moot.


April 23, 2010 　　　　　　　　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[8] Because Nuvelle's reply was considered under the summary judgment rule and denied, Scott's motion to strike is moot.